## NATHAN H. BERGER v. BONNELL MOTOR CAR COMPANY ET AL.

Argued January term, 1926—Decided June 23, 1926.

**Liens—Alleged Lien for Repairs of Automobile—Plaintiff Contends That Defendant Agreed to Repair for a Stipulated Sum—Upon Tender of That Amount a Larger Sum was Demanded, Which was Paid Under Protest, and Action Brought to Recover—Held, Recovery May be Had Where the Claim was Without Merit.**

Before Justices PARKER, MINTURN and BLACK.

Attorney *pro se, Nathan H. Berger.*

Attorney for the appellants, *Howe & Davis.*

PER CURIAM.

The plaintiff alleged that the defendant agreed to repair plaintiff's automobile for $64, and that, after making the repairs, the defendant refused to surrender the car to the plaintiff unless upon payment of $108.25, which sum included $83.23 for repairs and $25 for legal fees. The plaintiff paid the amount demanded under protest, however, and brought this action to recover the amount paid in excess of the contract price.

The defendant's contentions are that the payment by the plaintiff was voluntary, and that plaintiff had an adequate remedy at law, and hence there was neither duress nor extortion, and that, therefore, plaintiff could not recover. The rule is settled otherwise. It has been declared quite generally that "money paid by one to get possession of his property held by another claiming a lien on the same, may be recovered where the lien claim is without merit." *Anno. Cas.* (1913A) 1356.

In pursuance of that rule, it has been held that "money paid to a common carrier to obtain possession of one's goods,

beyond the amount to which the carrier is entitled, may be recovered." *E. D. Clough* v. *Boston and Maine Railroad,* 90 *Atl. Rep.* 863.

The judgment will therefore be affirmed.